UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HENRY CLARK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:02-CV-500-JVB |
| UNITED STATES GYPSUM COMPANY | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 25, 2001, U.S. Gypsum filed a bankruptcy petition, commencing its Chapter 11 case, Case No. 01-2094, in the U.S. Bankruptcy Court for the District of Delaware. Upon the petition's filing, all matters were stayed pursuant to § 362 of the Bankruptcy Code. The Bankruptcy Court established January 15, 2003, as a bar date for filing proofs of claim against U.S. Gypsum and its parent company, USG Corporation. On August 3, 2001, a proof of claim was filed on behalf of the Plaintiff and the East Chicago Human Rights Commission for the pending EEOC Title VII race discrimination complaint. That complaint lists January 17, 2001 as the date that the alleged debt was incurred. Therefore, this claim arose before the bar date. On January 14, 2003, while U.S. Gypsum's case was still before the Bankruptcy Court and in violation of the automatic stay, Plaintiff Henry Clark filed a race discrimination claim against Defendant United States Gypsum Company.

On June 16, 2006, the Bankruptcy Court confirmed the First Amended Joint Plan of Reorganization of USG Corporation and U.S. Gypsum (the "Plan"). *In re: USG Corp., et. al.*, (No. 01-2094) Order Confirming First Amended Joint Plan (June 16, 2006 Bankr. D. Del.). The Plan indicates that the treatment of all claims under the plan is in exchange for the complete

satisfaction and release of all claims. *Id.* The Plan also discharges debtors from claims that arose before the Effective Date and enjoins prosecution of any discharged claims. *Id.*

On September 15, 2006, USG filed its Thirty-Third Omnibus Objection to certain claims, including Plaintiff's pending Title VII claims. On October 23, 2006, the Bankruptcy Court granted the objection. *In re: USG Corp., et. al.*, (No. 01-2094) Order Granting Thirty-Third Omnibus Objection at 2 (Oct. 23, 2006 Bankr. D. Del.). By granting the objection, the Court expressly disallowed Plaintiff's claims in their entirety and expunged them pursuant to § 502 of the Bankruptcy Code. *Id.* at 2, Ex. A.

On September 5, 2008, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claims were already discharged pursuant to two Orders of the United States Bankruptcy Court that confirmed Defendant's Chapter 11 plan and expressly disallowed Plaintiff's claim. On October 10, 2008, Plaintiff filed a Motion to Deny Dismissal of Complaint. On February 23, 2009, Plaintiff filed a Motion to Dismiss Defendant's Motion to Dismiss and a Motion to Order Defendant to Respond or Proceed to Trial. Defendant filed a Response to these motions on March 3, 2009, claiming that Plaintiff did not raise any new issues.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). The court presumes all well-pleaded allegations to be true and views them in the light most favorable

2

to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The court may also consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c). The court may consider previous orders of another federal court when deciding a motion to dismiss. *Ninth Ave. Remedial Group v. Allis Chalmers Corp.*, 195 B.R. 716, 721 (N.D. Ind. 1996).

## DISCUSSION

Plaintiff's claims were already discharged, specifically disallowed, and expunged. First, the Bankruptcy Court discharged his claims when it confirmed the Plan. "[T]he confirmation of a plan (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not: (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title; (ii) such claim is allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan; and (B) terminates all rights and interests of equity security holders and general partners provided for by the plan." 11 U.S.C. § 1141(d). The allegations that underlie the Plaintiff's Title VII claims arose before the date of the confirmation of the Plan, and therefore those claims were discharged when the Plan was confirmed by the Court.

A "claim" is defined by the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. §101(5)(A). Plaintiff's claims fall within this definition. The conduct on which he based his claims occurred on January 17, 2001, which was

3

nearly six months before U.S. Gypsum filed the Petition and over five years before the Bankruptcy Court confirmed the Plan. The Plan discharged the Debtors from all claims that arose on or before the effective date. Therefore, the Plan discharged Plaintiff's claims. The Plan also permanently enjoins the holder of any discharged claim from "commencing or continuing in any manner any action or other proceeding against the Debtors." *In re: USG Corp., et. al.*, (No. 01-2094) Order Confirming First Amended Joint Plan § IX (B)(1) (June 16, 2006 Bankr. D. Del.). The Plaintiff's claims must be dismissed because the Plan discharged his claims and permanently enjoined him from pursuing his claims against U.S. Gypsum.

In addition, Plaintiff's claims must be dismissed because the Bankruptcy Court's Order expressly disallowed and expunged his claims in their entirety. Order Granting Thirty-Third Omnibus Objection at 2 (Oct. 23, 2006 Bankr. D. Del.); 11 U.S.C. § 502. Plaintiff's claim that he did not know about the Objection has no bearing upon this motion. In filing a proof of claim with the Bankruptcy Court, he consented to the Court's equitable power to disallow his claim. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989). In sum, the Plaintiff's claims were discharged by the Plan and specifically disallowed and expunged by the Bankruptcy Court.

For these reasons, Defendant's Motion to Dismiss is GRANTED. In addition, Plaintiff's pending motions (D.E. 40, 41) are dismissed as moot.

SO ORDERED on March 30, 2009.

s/Joseph S. Van Bokkelen<br>JOSEPH S. VAN BOKKELEN<br>UNITED STATES DISTRICT JUDGE