# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

HENRY CLARK,               )
                                 )
        Plaintiff,         )
                                 )
        v.                  )     CAUSE NO.: 2:02-CV-500-JVB
                                 )
UNITED STATES GYPSUM COMPANY   )
                                 )
        Defendant.     )

## OPINION AND ORDER

On March 30, 2009, the Court granted the Defendant's motion to dismiss, and on the same day, the Clerk entered final judgment. On April 15, 2009, the Plaintiff filed a motion to reconsider, the contents of which are similar to his opposition to the motion to dismiss.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such

motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In his motion to reconsider, the Plaintiff does not present any new facts that were not available earlier nor any new law so as to compel a reconsideration of the Court's decision. In fact, the Plaintiff has not even filed his motion within ten days of final judgment, as required by Federal Rule of Civil Procedure 59(e). Accordingly, the Court denies the Defendant's motion to reconsider (DE 46).

SO ORDERED on May 18, 2009.

s/Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE