**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | | |
|---|---|---|
| HENRY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:02-CV-500 JVB |
| v. | ) | |
| | ) | |
| UNITED STATES GYPSUM COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Henry Clark, a *pro se* plaintiff, first filed his race discrimination claim against Defendant United States Gypsum Company on January 14, 2003, while the company was before the U.S. Bankruptcy Court for the District of Delaware. After confirming a reorganization plan for the United States Gypsum Company, the bankruptcy court expressly disallowed Plaintiff's claim in its entirety and expunged it pursuant to Section 502 of the Bankruptcy Code. (DE 20, Ex. 3 at 3). Consequently, this Court granted Defendant's motion to dismiss, and the Clerk entered final judgment against Plaintiff on March 30, 2009. (DE 43–44). Plaintiff then filed a motion to reconsider, which the Court denied because the motion did not present new facts or new law, and it was not timely filed, within ten days of final judgment, as required by Federal Rule of Civil Procedure 59(e). (DE 48).

On June 18, 2009, nearly three months after the Court entered final judgment, Plaintiff filed a notice of appeal and a motion seeking leave to proceed *in forma pauperis.* The Court dismissed the petition to appeal because it was not timely under the Federal Rules of Appellate Procedure and substantively not taken in good faith. (DE 53). On July 1, 2009, Plaintiff moved

1

to extend time in which to file a notice of appeal. (DE 55). Plaintiff's motion did not address Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6), which govern extensions of time to file appeals. The Court dismissed Plaintiff's motion without prejudice and granted him leave until July 28, 2009, to refile the motion in accordance with the Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6), or both. (DE 56). Plaintiff now comes before the Court on a motion to extend time in which to file a notice of appeal . (DE 57).

As explained in the Court's July 16, 2009 Order, Plaintiff's motion to extend time in which to file a notice of appeal must address and satisfy Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6), or both. First, Rule 4(a)(5) allows the Court to extend the time to file a notice of appeal if a party so moves no later than thirty days after the time prescribed by Rule 4(a) expires. Rule 4(a) requires a notice of appeal to be filed within thirty days after a judgment or order is entered. Thus, Plaintiff has thirty days after the intial Rule 4(a) time period has passed to request an extension of time to file. Additionally, Rule 4(a)(5) requires that the plaintiff show excusable neglect or good cause.

Plaintiff's motion to extend time in which to file a notice of appeal fails the requirements of Rule 4(a)(5). Plaintiff filed a notice of appeal on June 18, 2009, more than sixty days after the final judgment entry on March 30, 2009. Further, even if Plaintiff's motion was timely, it also fails the requirement that the party show excusable neglect or good cause. In the Seventh Circuit "[t]he standard for reviewing whether neglect was 'excusable' is an 'equitable'one, taking into consideration all relevant circumstances including 'the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

2

movant acted in good faith.'" *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (citing *United States v. Brown*, 133 F.3d 993, 996 (7th Cir 1998) (quoting *Pioneer Investment Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993))). In *Marquez*, the court dismissed a late notice of appeal, noting that a miscalculation of time was not enough to extend the time to file. *Id.* at 541. Further, the court took into account the lack of merit in plaintiff's underlying employment discrimination case. *Id.* at 542.

As in *Marquez*, Plaintiff claims that his failure to satisfy the Rules is due to his own negligence. Under the *Marquez* analysis, Plaintiff's delay does not qualify as excusable neglect or good cause. As to the effect on the non-moving party, Plaintiff's claim has been expressly expunged by the bankruptcy court, and allowing further appeals in this case would work a hardship on Defendant and force them to continue to invest resources in a claim that has already been dismissed. As to the *Marquez* good faith inquiry, this Court has previously found the Plaintiff's claim to lack good faith because his claim has already been expunged. (DE 53).

Plaintiff also relies on his *pro se* status and lack of understanding of the Federal Rules. Although *pro se* filings are generally construed liberally and "[b]enefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)).

Finally, Plaintiff's motion to extend time in which to file a notice of appeal must satisfy Rule 4(a)(6). Rule 4(a)(6) allows the district court to reopen the time to file an appeal, but only if the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry

of the judgment or order sought to be appealed within twenty-one days. (Fed. Rule App. P. 4(a)(6)). Plaintiff's motion does not claim he did not have proper notice of the judgment he appeals. In fact, Plaintiff demonstrated that he had proper notice of the final judgment when he filed a motion for reconsideration on April 15, 2009, sixteen days after the Court entered judgment. (DE 46).

For these reasons, Plaintiff's Motion to Refile Notice of Appeal is DENIED.

SO ORDERED on September 25, 2009.  .

s/ Joseph S. Van Bockkelen
Joseph S. Van Bokkelen
United States District Judge